### McDERMOTT *v.* NEW YORK CENT. & H. R. R. Co.

*(Supreme Court, General Term, Second Department. February 11, 1891.)*

MASTER AND SERVANT—INJURIES TO SERVANT.

In an action against a railroad company for personal injuries, it appeared that plaintiff, who was employed as a "machinist's helper," was directed by defendant's foreman to couple moving cars, but was not instructed as to the danger or as to the proper method of doing the work. *Held,* that it was a question for the jury whether plaintiff's injuries resulted from ignorance and from lack of instruction.

Appeal from circuit court, Kings county.

Action by John McDermott against the New York Central & Hudson River Railroad Company. It was stipulated on the trial that the court might reserve right to dismiss the complaint after verdict. After the trial the court set aside a verdict for plaintiff, and dismissed the complaint. Plaintiff appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Morris & Whitehouse,* for appellant.  *Ashbel Green,* for respondent.

PRATT, J. The plaintiff, who was a "machinist's helper," was directed by defendant's foreman to couple cars in motion. This was a dangerous service, and was not in the course of the employment for which plaintiff had been engaged. He was not instructed as to the danger, nor as to the proper method of doing the work, and the jury have found that his injury resulted from his ignorance resulting from the lack of instruction. The rule is well settled that where, by authority of the master, an employe is taken from his ordinary occupation, and put to a service with whose dangers he is unacquainted, proper instructions should be given him, that he may not be exposed to needless peril. It is contended for defendant here that the plaintiff had such a knowledge of the dangers he incurred that this rule cannot be invoked for his benefit. We think that was a question for the jury. The charge placed the whole question before them, and they were instructed that the point of the case was whether plaintiff was hurt because he was not instructed how to do the work properly, and whether if he had been instructed he would have escaped. We are not able to say that the verdict in plaintiff's favor was contrary to the evidence. We think the verdict should stand as decisive of the facts in the case. It follows that the order granting a new trial should be reversed, and plaintiff have judgment on the verdict, with costs of circuit and general term.

All concur.